IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| *info*USA, INC. | ) | CASE NO. 8:06CV306 |
| Plaintiff, | ) | |
| V. | ) | ORDER ON APPLICATION FOR |
| | ) | ATTORNEYS' FEES |
| INFOSHAREUSA.COM, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Application for Attorneys' Fees filed by the Plaintiff, *info*USA, Inc., following the Court's entry of judgment by default against Defendant InfoShareUSA.com. The Plaintiff seeks an award of fees in the amount of $6,558.00, as a prevailing plaintiff under the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 to 87-306, and specifically pursuant to Neb. Rev. Stat. § 87-303(b), Fed. R. Civ. P. 54(d)(2) and NECivR 54.4. Predictably, InfoShareUSA.com has not opposed the application.

The Court must consider whether an award of attorneys' fees is appropriate in this case, and, if it is, then the amount of the award. In connection with the entry of default judgment in favor of the Plaintiff, the Court took the well-pleaded allegations of the Complaint as true, including the allegation that InfoShareUSA.com "willfully sold, transferred, conveyed, or otherwise used *info*USA's data knowing that such acts are deceptive." (Filing No. 1, at ¶37). According to the Nebraska Deceptive Trade Practices Act, a court, in its discretion, may award attorneys' fees to a prevailing party if the party charged with the deceptive trade practices acted willfully and knowingly. Neb. Rev. Stat. ¶ 87-303(b). Having reviewed the Complaint and the Judgment by Default (Filing Nos. 1

and 12), I conclude that the Plaintiff is entitled to an award of attorney's fees pursuant to Neb. Rev. Stat. § 87-303(b).

The Nebraska Supreme Court has identified several factors that a court must consider in determining an appropriate attorney's fee award under Nebraska law. "To determine proper and reasonable fees, it is necessary to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services." *Schirber v. State*, 581 N.W.2d 873, 875 (Neb. 1998).

The Plaintiff urges me to consider the "fairly complex" nature of the case, the extensive investigation that it engaged in before the action was commenced, the preparation of the 73-paragraph Complaint; and counsel's diligence in obtaining the judgment by default. I have considered these factors, and I agree that the preparation of this case, including the investigation leading up to the filing of the complaint and the drafting of the complaint itself, was relatively complex and raised some difficult questions. I find that counsel's preparation of the matter for disposition by this Court was efficient and diligent. I have also considered the educational background and professional experience of the individual attorneys and paralegals who worked on the matter on behalf of the Plaintiff. I conclude that the amount of time spent on the matter for the work described in the billing entries was appropriate, and that there was a proper allocation of attorney and paralegal time within the team. At the commencement of this action, I assume that Plaintiff did not know that the Defendant would not enter an appearance. That there was less effort

expended because of the default than would have been expended if the matter were fully litigated is reflected in the amount of professional services expended.

For all these reasons, I conclude that the amount requested is reasonable and proper, and I will award the Plaintiff attorneys' fees in the amount requested.

Accordingly,

IT IS ORDERED:

1. The Plaintiff's Application for Attorneys' Fees (Filing No. 15) is granted; and

2. The Defendant is directed to pay to the Plaintiff its attorneys' fee in the amount of $6,558.00.

DATED this 5th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge